UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IVICA FILIPOVIC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JOHN B. SANFILIPPO & SON, INC. | § | SA-11-CV-0353 XR |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Xavier Rodriguez
      United States District Judge

This report and recommendation recommends dismissing this case for failing to prosecute. The district judge referred this case to me for disposition of the pending motion to compel.[1] In the motion, defendant John B. Sanfilippo & Son, Inc. (Sanfilippo) asked the court to compel plaintiff Ivica Filipovic to submit to a deposition and to respond to discovery requests. Sanfilippo's motion discussed its protracted efforts to communicate with Filipovic, schedule his deposition, and obtain discovery.[2]

Because Filipovic is unrepresented, I questioned whether Filipovic appreciated the need to respond to Sanfilippo's discovery efforts. Because Filipovic's attorneys

---

[1]Text Order referring docket entry # 31 Motion to Compel, Feb. 21, 2012.

[2]Docket entry # 31.

withdrew from representation after Filipovic failed to communicate with his attorneys and failed to produce information for discovery,[3] I also considered whether Filipovic has abandoned his claims.

To ensure that Filipovic understood his responsibility to participate in discovery, I advised Filipovic about the necessity of responding to Sanfilippo's motion to compel and warned him about the consequences of not responding.[4] I directed Filipovic to respond Sanfilippo's motion to compel in writing by March 9, 2012, and to address the matters in the motion and express his intention about pursuing his claims. I warned Filipovic that if he did not respond, I would recommend dismissing this case for failing to prosecute.

The deadline for responding passed. Filipovic did not respond. The failure to respond indicates Filipovic has abandoned his claims.

**Recommendation**. Because Filipovic abandoned his claims, I recommend dismissing this case under Rule 41[5] for failing to prosecute. In the alternative, the court

---

[3]Docket entry # 28.

[4]Docket entry # 32.

[5]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

may dismiss this case under Rule 37[6] for failing to respond to discovery. If the district court accepts this recommendation, the court can deny the motion to compel (docket entry # 31) as moot.

**Instructions for Service and Notice of Right to Object/Appeal.** The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[7] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo*

---

[6]Fed. R. Civ. P. 37(d) (authorizing sanctions for failing to attend deposition, serve answers to interrogatories or respond to request for inspection); Fed. R. Civ. P. 37 (b)(2)(A)(v) (listing "dismissing the action or proceeding in whole or in part" as an available sanction).

[7]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

determination by the district court.[8] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[9]

    **SIGNED** on March 15, 2012.

*[signature: Nancy Stein Nowak]*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[9] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).